STATE OF HAWAII, Plaintiff-Appellee, *v.* PAUL S. KASPRZYCKI, Defendant-Appellant

NO. 7598

CR. NO. 1-79-7-2

MARCH 11, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
RETIRED JUSTICES OGATA AND MENOR,
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The defendant was arrested and charged with the offense of harassment in violation of HRS § 711-1106(1)(a).[1] At his arraignment hearing, the defendant entered a plea of not guilty and demanded a jury trial. The case was then bound over from the district court to the circuit court for a trial by jury.

Subsequently, the State filed a motion for remand of the case to the district court for a trial without a jury. The State argued that a person charged with a petty misdemeanor was not entitled to a trial by jury. The motion to remand was granted.

The defendant was thereafter tried in the district court without a jury. He was found guilty of harassment and was fined by the trial judge.

The issue in this case is whether a person charged with a petty misdemeanor which carries with it a maximum penalty of thirty days

---

[1] HRS § 711-1106(1)(a) provides:

Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm another person, he:

(a) Strikes, shoves, kicks, or otherwise touches a person in an offensive manner or subjects him to offensive physical contact;

confinement and/or a fine is entitled to a trial by jury. The appellant argues that the right to a trial by jury is an absolute right held by all citizens charged with criminal offenses.

While we agree that the right to a jury trial is of great importance to our system of justice, that right is not an absolute one. In *State v. Shak*, 51 Haw. 612, 466 P.2d 422, *cert. denied* 400 U.S. 930 (1970), we held that where the offense charged is a "petty" crime, a defendant does not have a constitutional right to a jury trial. In *Shak*, we classified a traffic violation carrying a maximum potential penalty of a fine and/or possible suspension or revocation of license to be a petty offense. In that decision, we adopted the analysis used by the United States Supreme Court in determining whether an offense is petty or serious. We stated:

> Under the Federal Constitution, the United States Supreme Court has held that two criteria are relevant in determining whether an offense is petty or serious. The first is whether the offense is by its nature serious. If so, the size of the penalty that may be imposed is only of minor relevance, and the right of trial by jury attaches. *See Callan v. Wilson*, 127 U.S. 540 (1888). If the offense is not by its nature serious, however, the magnitude of the potential penalty set for its punishment becomes important, since it is an indication of the ethical judgments and standards of the community. *District of Columbia v. Colts*, 282 U.S. 63 (1930).
> [51 Haw. at 614-15, 466 P.2d at 424.]

*See Territory v. Taketa*, 27 Haw. 844 (1924); *Ex Parte Higashi*, 17 Haw. 428 (1906). *See also Frank v. United States*, 395 U.S. 147 (1969).

The Supreme Court has generally considered a sentence of six months to be an acceptable dividing line between serious and petty offenses. *See Codispoti v. Pennsylvania*, 418 U.S. 506, 512 (1974). Whether such a fixed dividing line would be acceptable under our constitutional provisions, however, is a question which we need not now decide. For we are satisfied that in this case the crime for which the defendant was charged and convicted was a petty offense. The offense of harassment has been classified by the legislature as a petty misdemeanor, HRS § 711-1106(2), the penalty for which is either a fine of not more than $500, HRS § 706-640(4), or a sentence of imprisonment not exceeding 30 days, HRS § 706-663, or both. The defendant was not, therefore, entitled to a jury trial.

Affirmed.

*Paul S. Kasprzycki, pro se* on the opening brief, *Edwin Y. C. Lum,* Deputy Public Defender, on the reply brief, for defendant-appellant.

*Alan T. Shimabukuro,* Deputy Prosecuting Attorney, on the brief, for plaintiff-appellee.