STATE OF HAWAII, Petitioner-Appellee, *v.* DANIEL R. O'BRIEN, Respondent-Appellant

NO. 9728

(CASE NO. T26:6/16/83)

JULY 22, 1985

LUM, C.J., NAKAMURA, HAYASHI, WAKATSUKI, JJ., AND CIRCUIT COURT JUDGE DANIEL G. HEELY IN PLACE OF PADGETT, J., DISQUALIFIED

OPINION OF THE COURT BY LUM, C.J.

Petitioner State of Hawaii seeks review of the April 16, 1985 decision of the Intermediate Court of Appeals which held that a defendant charged with driving under the influence of intoxicating liquor ("DUI") pursuant to Hawaii Revised Statutes ("HRS") § 291-4 is constitutionally entitled to a trial by jury. Because we are convinced that the ICA's decision is a correct application of our precedent and our State constitution, we affirm, and reverse and remand this case for retrial before a jury.

I.

Defendant Daniel R. O'Brien was issued a DUI citation on May 26, 1983.[1] He refused to submit to breath or blood tests which would have

---

[1]At this time, the DUI offense was defined as follows:
§ 291-4 Driving under influence of intoxicating liquor. (a) A person commits the offense of driving under the influence of intoxicating liquor if:
(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or
(2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.
(b) A person comitting the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:
(1) For the first offense, or any offense not preceded within a five-year period by a conviction under this section, by:
(A) A fourteen-hour minimum alcohol abuse rehabilitation program including education and counseling, or other comparable program deemed appropriate by the court; and

determined the alcohol content of his blood. After the statutorily-mandated implied consent hearing[2] was completed, O'Brien demanded a jury trial on the DUI charge. This demand was rejected by the trial court on October 7, 1983.

O'Brien was found guilty of the DUI charge. The trial court determined that the appropriate sentencing provision would be HRS § 291-4(b)(2), since O'Brien had previously been convicted of a DUI offense in 1980. He received a $500 fine and a one year driver's license suspension.

## II.

The State of Hawaii attacks the ICA's ruling on the ground that the court erroneously held that DUI offenses are required to be tried to a jury. Principally, its argument is that the offense of driving under the influence of intoxicating liquor is not "by its nature serious" and that, therefore, the right to a jury trial is not triggered.

---

(B) Ninety day prompt suspension of license with absolute prohibition from operating a motor vehicle during suspension of license; and

(C) Any one or more of the following:

(i) Seventy-two hours of community service work; or

(ii) Not less than forty-eight hours of imprisonment; or

(iii) A fine of not less than $150 but not more than $1,000.

(2) For an offense which occurs within five years of a prior conviction under this section:

(A) Prompt suspension of license for a period of one year; and

(B) Any of the following:

(i) Not less than ten days of community service work; or

(ii) Not less than forty-eight consecutive hours of imprisonment; or

(iii) A fine of not less than $500 but not more than $1,000.

(3) For an offense which occurs within five years of two prior convictions under this section, by:

(A) A fine of not less than $500 but not more than $1,000;

(B) Revocation of license for a period not less than one year but not more than five years; and

(C) Not less than ten days but not more than one hundred-eighty days imprisonment.

HRS § 291-4, as amended by Act 117, 1983 Haw. Sess. Laws 208, 208-09. This measure was subsequently amended by Act 193, § 1, 1984 Haw. Sess. Laws 381, 381-83.

[2]See HRS § 286-155 (Supp. 1984).

We disagree, and adopt the reasoning of the ICA's opinion below. Article III, section 2 of the United States Constitution guarantees that "[t]he trial of all Crimes, except in Cases of Impeachment, shall be by Jury," and the sixth amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." The due process clause of the fourteenth amendment makes the guarantee of a jury trial binding on the states. *Duncan v. Louisiana,* 391 U.S. 145, *reh'g denied,* 392 U.S. 947 (1968).

The Constitution of the State of Hawaii provides, in part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the district wherein the crime shall have been committed . . . ."[3] Art. I, § 14. We have previously indicated that our interpretation of this section would be guided by, although not dictated by, precedent of the United States Supreme Court interpreting the sixth amendment. *State v. Shak,* 51 Haw. 612, 615, 466 P.2d 422, 424, *cert. denied,* 400 U.S. 930 (1970).

Although the right to a jury trial is of great importance to our system of justice, that right is not absolute. *State v. Kasprzycki,* 64 Haw. 374, 375, 641 P.2d 978, 978 (1982). In *State v. Shak, supra,* we held that a defendant charged with a "petty" crime does not have a constitutional right to a jury trial. We also used that occasion to adopt the analysis used by the Supreme Court in determining whether an offense is petty or serious. As we stated there:

> Under the Federal Constitution, the United States Supreme Court has held that two criteria are relevant in determining whether an offense is petty or serious. The first is whether the offense is by its nature serious. If so, the size of the penalty that may be imposed is only of minor relevance, and the right of trial by jury attaches. *See Callan v. Wilson,* 127 U.S. 540 (1888). If the offense is not by its nature serious, however, the magnitude of the potential penalty set for its punishment becomes important since it is an indication of the ethical judgments and standards of the community. *District of Columbia v. Colts,* 282 U.S. 63 (1930).

51 Haw. at 614-15, 466 P.2d at 424.

In *Shak,* we classified a traffic violation with a maximum potential penalty of a fine and/or license suspension or revocation as petty. In

---

[3]This section was numbered article I, section 11.

*Kasprzycki, supra,* we determined that an offense punishable by a fine of not more than $500 or imprisonment not exceeding 30 days was petty. Noting that the Supreme Court in *Codispoti v. Pennsylvania,* 418 U.S. 506 (1974), generally deemed a sentence of six months as the benchmark of a serious offense, we nevertheless declined in *Kasprzycki* to fix a firm dividing line under our own precedents. *Kasprzycki,* 64 Haw. at 376, 641 P.2d at 979.

As the ICA outlined in its opinion below, several approaches have traditionally been used to determine whether an offense is petty or serious. The reported cases have looked first to the traditional treatment of the offense at issue, and ask whether the particular violation of the law is one which was "indictable at common law" or "tried summarily without a jury." *District of Columbia v. Clawans,* 300 U.S. 617, 624-25 (1937). In addition, the authorities look to the gravity of an alleged offense, asking whether it affects the public at large, *Callan v. Wilson,* 127 U.S. at 556 (1888), reflects moral delinquency, *Schick v. United States,* 195 U.S. 65, 69 (1904), or carries sufficient opprobrium to require its being labeled a serious violation of the law. *Baker v. City of Fairbanks,* 471 P.2d 386, 389 (Alaska 1970).

Applying the above factors to the facts of the instant case, and to DUI cases in general, we are convinced that the ICA correctly concluded that a DUI charge is a serious offense which must be tried to a jury. As the ICA concluded, in the present day, the offense of driving while intoxicated is most akin to a charge of reckless driving, which was indictable at common law and which entitled the defendant to a jury trial. *District of Columbia v Colts, supra* at 73. The destructive capacity of the modern automobile would make attempted analogies to intoxication offenses involving vehicles at the time of adoption of the United States Constitution inapt. It also means that a court, when called upon to evaluate the gravity of a DUI charge, cannot reason from statements made in cases considering alcohol-related offenses which did not involve motor vehicles. *See, e.g., Ex Parte Higashi,* 17 Haw. 428 (1906), *Territory v. Taketa,* 27 Haw. 844, 852 (1924).

Turning to an assessment of the gravity of DUI, we note first the legislative pronouncements on the statutes governing such charges. The legislature's commentary reflects its unequivocal acknowledgment that drunk driving presents a social problem of vast and potentially devastating proportions. In connection with 1982 amendments which mandated minimum penalties for second- and third-time offenders, the legislature

noted:

> It is frightening to realize that one of every two Americans will be involved in an alcohol-related auto crash in his or her lifetime. In our own state the dimensions of the drunk-driving problem can be highlighted by recent statistics. In 1981, almost two-thirds of Hawaii's traffic deaths were alcohol-related; drinking drivers involved in all accidents here numbered 2,465 in 1980.
>
> The problem is already of major proportions, yet it is growing, and will continue to increase unless and until this Legislature provides meaningful sanctions that will deter drunken driving.

Sen. Stand. Comm. Rep. No. 176-82, in 1982 Senate Journal at 1011.

This belief was echoed in 1982 Commentary to additional amendments. The legislature found that "drunken driving is one of the State's most serious and tragic problems," and undertook to revise the DUI statute "to establish more effective sanctions" for DUI offenses. Sen. Stand. Comm. Rep. No. 999, in 1983 Senate Journal at 1477-78.

While these 1982 and 1983 amendments reduced the maximum term of imprisonment applicable to a DUI charge to 180 days,[4] specified mandatory penalties which include community service and suspension or revocation of driver's license were added. Our assessment of this statutory scheme leads us to the conclusion that this framework of punishment reflects the societal belief that drunk driving is a grave and therefore constitutionally serious offense.

As noted above, for a first DUI offense, the convicted offender may receive a sentence of "[n]ot less than forty-eight hours of imprisonment" pursuant to HRS § 291-4(b)(1)(C)(ii), along with required terms of alcohol rehabilitation program and license suspension. If a second offense is committed within five years, license suspension and various penalties including imprisonment for not less than forty-eight consecutive hours are called for. A third offense within five years brings a mandatory fine of from $500 to $1000, license revocation, and imprison-

---

[4]Under prior law, a sentence up to one year was authorized. Act 283, § 1, 1949 Haw. Sess. Laws 602.

ment for not less than ten nor more than 180 days.[5]

Were we faced with a situation where a first DUI offense was punishable, for example, by imprisonment for no more than five days, a second conviction by imprisonment for no more than ten days and a third, by imprisonment for no longer than one month, we would perhaps be persuaded by State's position that DUI is not a serious offense in the constitutional sense. In light of the sentencing provisions both as they existed at the time of O'Brien's conviction and as they read today,[6] we are obliged to reject an argument that the right to a jury trial is not triggered by a DUI conviction.

While the terms of imprisonment for a DUI conviction do not exceed six months and therefore do not trigger the requirement for a jury trial as contemplated by United States Supreme Court cases such as *Codispoti, supra,* the mix of punishments which apply once a driver has been found guilty of drunk driving reflect the opprobium with which the people of this State view such activity. On an individual level, in turn, these punishments can involve a disruption of daily life, interruption of livelihood and disaffection from other members of the community which cannot be viewed as minor. Certainly, imprisonment for any length of time can lead to incalculable economic and personal difficulties. In addition, as another court has stated:

> [T]he threat of loss of a license as important as a driver's license, a deprivation added to penal sanctions, is . . . [a] sign that the DUI defendant's community does not view DUI as a petty offense.

*United States v. Craner,* 652 F.2d 23, 26 (9th Cir. 1981).

In recognizing that punishments other than imprisonment exceeding six months can require the constitutional guarantees of a jury trial, we act on our belief that our interpretation of the mandate of the constitution must accord with the changing circumstances of modern times and the exigencies of life in a society dependent on technology such as the automobile. These circumstances were presaged by the Supreme Court itself, which has observed:

---

[5]As the ICA noted, logic dictates that the maximum terms of imprisonment for first and second offenses cannot exceed that mandated for a third offense. Therefore, the maximum imprisonment under HRS § 291-4(b)(1)(C)(ii) and (b)(2)(B)(ii) must also be 180 days.

[6]*See* HRS § 291-4 (Supp. 1984).

[T]hose standards of action and of policy which find expression in the common and statute law may vary from generation to generation. Such change has led to the abandonment of the lash and the stocks, and we may assume, for present purposes, that commonly accepted views of the severity of punishment by imprisonment may become so modified that a penalty once thought to be mild may come to be regarded as so harsh as to call for the jury trial, which the Constitution prescribes, in some cases which were triable without a jury when the Constitution was adopted. *District of Columbia v. Clawans*, 300 U.S. at 627.

Without question, we abhor the senseless actions of those who, in spite of the dictates of law and conscience, insist upon risking their lives and the lives of countless others by getting behind the wheel of a car after consuming alcohol. We are unable to find in the constitution, however, any intention to deny these men and women the right to have their fates decided by a jury of their peers. Accordingly, we affirm the ruling of the Intermediate Court of Appeals, and reverse and remand this case for retrial.

*Artemio C. Baxa, Dave S. Fukuoka,* and *Richard Priest, Jr.,* Deputy Prosecuting Attorneys, for the writ and *Artemio C. Baxa* on the brief for Petitioner-Appellee.

*Richard L. Rost, Matthew N. Padgett,* and *Timothy K. Chism, Jr.,* on the brief for Respondent-Appellant.

*Brenda L. Carreira,* County of Hawaii, *Wayne Shimizu,* County of Kauai, and *Willard J. Peterson,* City and County of Honolulu, Deputy Prosecuting Attorneys, on the brief for amicus curiae.