**STATE OF HAWAII**, Plaintiff, v. **KELLY ROBERT JORDAN**, Defendant (CR. NO. 91–0439)

and

**STATE OF HAWAII**, Plaintiff, v. **CHRISTOPHER C. FAIR-BANKS**, Defendant (CR. NO. 90–0695)

and

**STATE OF HAWAII**, Plaintiff, v. **VICTOR TACLAS GUIL-LERMO**, also known as Vic Guillermo, Defendant (CR. NO. 91–0395)

and

**STATE OF HAWAII**, Plaintiff, v. **JERRY L. TORRES**, Defendant (CR. NO. 90–1493)

and

**STATE OF HAWAII**, Plaintiff, v. **JENNIFER LYNNE ZANE**, Defendant (CR. NO. 90–1418)

NO. 15790

FEBRUARY 13, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

Pursuant to HRS § 602–5(2) and Rule 15 of the Hawaii Rules of Appellate Procedure (HRAP), the circuit court reserved to this court the following questions of law:

> 1. Whether the amendments to the sentencing provisions of **H.R.S.** Section 291–4, effective August 1, 1991, limiting the potential period of incarceration on first and second offenses to 30 and 60 days, respectively, should have retrospective application to cases pending prior to August 1, 1991?
>
> 2. Whether the reduction in the maximum period of incarceration, for first and second offenses under **H.R.S.** Section 291–4, to 30 and 60 days, respectively, terminates the right to jury trial recognized in *State v. O'Brien*, for first and second offenses?
>
> 3. Whether or not deprivation of a jury trial to the defendant is violative of the equal "protection clause" of Article 1, Section 5 of the Hawaii Constitution and/or Article 14, Section 1, of the United States Constitution?

For the reasons set forth below, we answer question 1, "no," and question 2, "no." In the light of our answer to question 2, no answer to question 3 is required.

HRS § 1–3 provides that:

> No law has any retrospective operation, unless otherwise expressed or obviously intended.

Act 188 of the 1990 Session Laws amended HRS § 291–4, in the penalty provisions thereof, provides for a maximum jail term for first offenders of 30 days and for second offenders of 60 days. It also added in the case of first offenders, an additional penalty provision which read:

> and which may require installation of an ignition interlock system as defined in section 286–[251].

The amendments to § 291–4, by the express provisions of the Act, were to take effect on July 1, 1991. That date was subsequently changed by Act 1 of the Special Session of 1991 (1991 Special Session) to August 1, 1991.

Nothing in the legislative history of either Act 188 or Act 1 indicates an intention to make the statute retrospective with respect to the penalty provisions of HRS § 291–4.

As this court noted in *Employees' Retirement System v. Chang*, 42 Haw. 532, 535 (1958):

> However, before discussing the intent and purpose of the legislature in passing the Act, and the proper interpretation of the statute, we shall briefly touch upon the constitutionality of the Act as a "retrospective law." Mr. Justice Story's definition has become a classic and is as follows: "Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective." (2 Story, *Constitution*, § 1398.)

Under Justice Story's formula, the amendments to HRS § 291–4, if retrospective, would be constitutionally suspect since

they appear to attach "a new disability in respect to transactions . . . already past[.]"

Prior to the amendments enacted by Act 188, there was no expressed maximum jail term for first and second time DUI offenders. In the footnote to our opinion in *State v. O'Brien*, 68 Haw. 38, 44 n.5, 704 P.2d 883, 887 n.5 (1985), we noted that since HRS § 291–4, as then worded, imposed a six–month maximum penalty for third offenders, that therefore it would be assumed that it also imposed a six–month maximum penalty for first and second time offenders.

The legislature, however, in adding a maximum to the jail time which could be given to first and second DUI offenders called it, in the legislative history, a "clarification."

The legislative history indicates that that term was derived from a letter from a federal official with respect to the State's receiving certain benefits under a federal statute. Nevertheless, the use of the term "clarification" by the legislature in amending a statute would normally seem to indicate an intent that the statute be effective retrospectively.

That intention, however, is not obvious, as HRS § 1–3 requires, since the legislative history is silent on the matter, since the statute was not to take effect for over a year from the date of its enactment, and since the addition of a penalty renders retrospective operation constitutionally questionable. On balance, we cannot say that the legislature either expressly or obviously intended that Act 188 have retrospective application. We therefore answer question 1, "no."

Six and one–half years ago in deciding that the crime of driving under the influence created by HRS § 291–4 was a serious crime entitling the persons accused thereof to a jury trial in *State v. O'Brien*, we quoted in our earlier decision in *State v. Kasprzycki*, 64 Haw. 374, 641 P.2d 978 (1982), as follows:

"Under the Federal Constitution, the United States Supreme Court has held that two criteria are relevant in determining whether an offense is petty or serious. The first is whether the offense is by its nature serious. If so, the size of the penalty that may be imposed is only of minor relevance, and the right of trial by jury attaches. *See Callan v. Wilson*, 127 U.S. 540 (1888). If the offense is not by its nature serious, however, the magnitude of the potential penalty set for its punishment becomes important, since it is an indication of the ethical judgments and standards of the community. [Citation omitted.]"

*Id.* at 375, 641 P.2d at 978–79.

We then decided that, for the purposes of determining whether there was a right to a jury trial under section 14 of article I of the Constitution of the State of Hawaii in cases brought under HRS § 291–4, the crime created by that section was a serious one.

All parties to the present case concede that driving under the influence continues to be a serious crime. The State, however, argues that it is not "constitutionally serious." In the light of *O'Brien*, we are unwilling to draw such a distinction where the only downgrading of the seriousness of the crime in the statute is a "clarification" by which the maximum jail sentences for first and second offenders is 30 and 60 days, respectively, instead of six months, but where an additional penalty has been added, and where the legislative history of Act 188 of the 1990 Session Laws, as well as Act 1 of the 1991 Special Session, all indicate the legislature continues to regard driving under the influence as a very serious crime and social problem. We therefore hold that for purposes of section 14, article I of the Constitution of the State of Hawaii, persons accused of violating HRS § 291–4 have a right to a jury trial and so, we answer question 2, "no."

*Paul J. Cunney* for defendants Jordan, Fairbanks, Guillermo, and Torres.

*Richard W. Pollack*, Public Defender (*Theodore Y.H. Chinn*, Deputy Public Defender, on the briefs) for defendant Zane.

*James M. Anderson*, Deputy Prosecuting Attorney, for plaintiff.