978 P.2d 879

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Joo Ho WANG, Defendant–Appellant,**

No. 21387.

Supreme Court of Hawai'i.

June 18, 1999.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, for plaintiff-appellee on the motion.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

## MOTION FOR RECONSIDERATION

Upon consideration of Plaintiff–Appellee State of Hawaii's Motion for Reconsideration of the opinion filed on May 20, 1999, and the record herein,

---

IT IS HEREBY ORDERED that the motion is denied.

Although we have denied the State's motion, in response to the pragmatic concerns raised by the State, we note that *State v. Wang,* —— Hawai'i ——, 981 P.2d 230, 1999 WL 314970 (Haw.1999) should not wreak havoc upon or open the floodgates to the district court, insofar as relevant District Courts Rules of Civil Procedure (DCRCP) and Hawai'i Rules of Appellate Procedure (HRAP) would control.

■ First, the district court should not continue cases pending the conclusion of the relevant amnesty period. The State contends that a defendant could obtain insurance after the conclusion of trial and, on the basis of amnesty under Hawai'i Revised Statutes (HRS) § 431:10C–104.5 (Supp.1998), move for a new trial or amended judgment pursuant to DCRCP Rule 59 or for relief from judgment pursuant to DCRCP Rule 60.

However, obtaining insurance after trial has concluded is an insufficient basis to obtain either a new trial, an amended judgment, or relief from judgment under HRS § 431:10C–104 (1993). We separately note that the District Court Rules of Civil Procedure do not provide for a motion for reconsideration.

■ Second, if a defendant fails to appeal, pursuant to HRAP Rule 4, a guilty conviction under HRS § 431:10C–104 and the thirty-day appeal period has run, *State v. Wang,* No. 21387, slip op., —— Hawai'i ——, 981 P.2d 230, (Haw.1999) would not apply. In other words, the legal argument would be waived.