36 P.3d 803

STATE of Hawai'i, Plaintiff–Appellee,

v.

Kevin Andrew SULLIVAN,
Defendant–Appellant.

No. 22902.

Supreme Court of Hawai'i.

Dec. 17, 2001.

Jon N. Ikenaga, Deputy Public Defender, for defendant-appellant.

Donn Fudo, Deputy Prosecuting Attorney, (Lisette Blumhardt, Law Clerk, with him on the brief), for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by RAMIL, J.

Defendant-appellant Kevin A. Sullivan (Sullivan) was charged with driving under the influence of drugs (DUI DRUGS), in violation of Hawai'i Revised Statutes (HRS) § 291–7 (1993).[1] Sullivan appeals from the order of the first circuit court, denying his motion for a jury trial. On appeal, Sullivan claims that the circuit court incorrectly determined that a first-time DUI DRUGS offense constitutes a "petty" offense to which a jury trial does not attach.

We hold that (1) for purposes of HRS § 291–7, a first-time DUI–DRUGS offense is not a constitutionally "serious" offense, and (2) the first circuit court properly denied Sullivan's request for a jury trial. Accord-

---

1. HRS § 291–7 provides in relevant part:

**Driving under the influence of drugs.** (a) A person commits the offense of driving under the influence of drugs if the person operates or assumes actual physical control of the operation of any vehicle while under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner.

(b) A person committing the offense of driving under the influence of drugs shall be sentenced as follows without possibility of probation or suspension of sentence:

(1) For a first offense, or any offense not preceded within a five-year period by a conviction under this section, by:

(A) A fourteen-hour minimum drug abuse rehabilitation program, including education and counseling, or other comparable programs deemed appropriate by the court; and

(B) Ninety-day prompt suspension of license, with absolute prohibition from operating a motor vehicle during suspension of license, or the court may impose, in lieu of the ninety-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a motor vehicle and, for the remainder of the ninety-day period, a restriction on the license that allows the person to drive for limited work-related purposes and to participate in drug treatment programs; and

(C) Any one or more of the following:
(i) Seventy-two hours of community service work;
(ii) Not less than forty-eight hours and not more than five days of imprisonment; or
(iii) A fine of not less than $150 but not more than $1,000.

ingly, we affirm the judgment of the first circuit court.

## I. BACKGROUND

On November 22, 1998, Sullivan was arrested for driving under the influence of drugs, in violation of HRS § 291–7. On January 19, 1999, at the commencement of the proceedings, Sullivan appeared in district court and requested that his case be set for jury trial.[2] Sullivan's request for a jury trial was denied. Thereafter, the court granted Sullivan's request to continue trial.

When the parties appeared for trial on June 14, 1999, the district court denied Sullivan's motion seeking a jury trial.[3] Sullivan's bench trial began on July 26, 1999. On September 20, 1999, the court found Sullivan guilty of a first-time DUI–DRUGS offense, in violation of HRS § 291–7. The court sentenced Sullivan to a 14–hour minimum drug abuse rehabilitation program, a 90–day license suspension, 72 hours of community service, and a fine of $400.00. Sullivan's sentence was stayed pending appeal.

## II. STANDARD OF REVIEW

### A. Statutory Interpretation

 "[T]he interpretation of a statute is a question of law reviewable de novo." State v. Wang, 91 Hawai'i 140, 141, 981 P.2d 230, 231, reconsideration denied, 90 Hawai'i 441, 978 P.2d 879 (1999) (quoting Gray v. Administrative Dir. of the Court, 84 Hawai'i 138, 144, 931 P.2d 580, 586 (1997) (citations and ellipses omitted)).

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. . . .

In construing an ambiguous statute, "[t]he meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." HRS § 1–15(1) [ (1983) ]. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool. Gray, 84 Hawai'i at 148, 931 P.2d at 590 (quoting State v. Toyomura, 80 Hawai'i 8, 18–19, 904 P.2d 893, 903–04 (1995)) (brackets and ellipsis points in original) (footnote omitted). This court may also consider "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it . . . to discover its true meaning." HRS § 1–15(2) (1993). "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1–16 (1993).

Ho v. Leftwich, 88 Hawai'i 251, 256–57, 965 P.2d 793, 798–99 (1998) (quoting Korean Buddhist Dae Won Sa Temple v. Sullivan, 87 Hawai'i 217, 229–30, 953 P.2d 1315, 1327–28 (1998) (quoting State v. Cullen, 86 Hawai'i 1, 8–9, 946 P.2d 955, 963–64 (1997) (some brackets in original))).

## III. DISCUSSION

The issue presented on appeal is whether there is a constitutional right to a jury trial for a first-time DUI–DRUGS offense in violation of HRS § 291–7. To answer this question, this court examines whether the offense charged is "petty" or "serious."

### A. Federal Constitutional Analysis

 The sixth amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury[.]" The sixth amendment right to a jury trial applies to the states through the due process clause of the fourteenth amendment. Duncan v. Louisiana,

---

**2.** Proceedings were held before the Honorable Christopher McKenzie.

**3.** Proceedings were held before the Honorable George Y. Kimura.

391 U.S. 145, 149–50, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). However, the right to a jury trial is not absolute. *Blanton v. City of North Las Vegas,* 489 U.S. 538, 540–41, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). "Petty offenses" are not subject to the sixth amendment jury trial provision. *Id.* In *Blanton,* the United States Supreme Court explained:

> In determining whether a particular offense should be categorized as "petty," our early decisions focused on the nature of the offense and on whether it was triable by a jury at common law. In recent years, however, we have sought more "objective indications of the seriousness with which society regards the offense." "[W]e have found the most relevant such criteria in the severity of the maximum authorized penalty."

*Id.* (citations omitted). The *Blanton* Court explained:

> In using the word "penalty," we do not refer solely to the maximum prison term authorized for a particular offense. A legislature's view of the seriousness of an offense is also reflected in the other penalties that it attaches to the offense.... Primary emphasis, however, must be placed on the maximum authorized period of incarceration.

*Id.* at 542, 109 S.Ct. 1289.

The *Blanton* Court found it appropriate to presume for purposes of the sixth amendment that society views an offense carrying a maximum prison term of six months or less as "petty." *Id.* at 545, 109 S.Ct. 1289. The Court held that a Nevada DUI statute, which authorized a maximum incarceration period of six months, including a $1,000.00 fine, loss of driving privileges for ninety days, and mandatory attendance at an alcohol abuse center, was not "constitutionally serious." *Id.* at 544–45, 109 S.Ct. 1289. Therefore, the sixth amendment to the United States Constitution grants no right to a jury trial for a petty offense under the Nevada DUI statute. *Id.* at 545, 109 S.Ct. 1289.

In *United States v. Nachtigal,* the Supreme Court reaffirmed that "offenses for which the maximum period of incarceration is six months or less are presumptively 'petty.'" 507 U.S. 1, 3, 113 S.Ct. 1072, 122

L.Ed.2d 374 (1993) (citing *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289). The *Nachtigal* Court held that a federal regulation authorizing a maximum punishment for first-time DUI offenders of six-month imprisonment, plus a maximum fine of $5,000, constituted a petty offense. *Id.* at 5, 113 S.Ct. 1072. A defendant is entitled to a jury trial in such circumstances only if he or she can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one. *Id.* at 3–4, 113 S.Ct. 1072 (citing *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289).

■ In this case, the maximum authorized term of imprisonment for a first-time DUI–DRUGS offense under HRS § 291–7 was presumably 30 days, *see infra* Section III.B (penalties under DUI–DRUGS to be "commensurate" with penalties under DUI–ALCOHOL; 1990 sentencing amendments regarding maximum prison sentence for first-time DUI–ALCOHOL lowered to 30 days)—well below the federal six-month threshold. Therefore, for purposes of a federal constitutional analysis, a first-time DUI–DRUGS offense is presumptively "petty."

■ Sullivan contends here that the additional statutory penalties make his first-time DUI–DRUGS offense "serious." Sullivan was sentenced to a 14–hour minimum drug abuse rehabilitation program, a 90–day license suspension, 72 hours of community service, and a fine of $400.00. As noted in *Blanton,* it is a rare case where "a legislature packs an offense it deems 'serious' with onerous penalties that nonetheless do not puncture the 6 month incarceration line." *Nachtigal,* 507 U.S. at 5, 113 S.Ct. 1072 (citing *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289). The additional statutory penalties imposed under HRS § 291–7 for a first-time DUI–DRUGS offense, viewed in conjunction with the maximum authorized period of incarceration, are not sufficiently severe to overcome the federal presumption that such offense is petty. Accordingly, we hold that there is no right to a jury trial under the United States

Constitution for a first-time DUI–DRUGS offense under HRS § 291–7.

## B. State Constitutional Analysis

While the issue presented on appeal involves a first-time DUI–DRUGS offense, the legislature has made it clear that individuals charged with DUI–DRUGS are to be "prosecuted in the same manner" as individuals charged with DUI ALCOHOL and that the penalties of the offenses are to be "commensurate." Hse. Stand. Comm. Rep. No. 764–86, in 1986 House Journal, at 1371; Sen. Conf. Comm. Rep. No. 54–86, in 1986 Senate Journal, at 751. Accordingly, this court's analysis in *State v. Nakata*, 76 Hawai'i 360, 878 P.2d 699 (1994), regarding whether a first-time DUI–ALCOHOL offense is constitutionally petty also determines whether a first-time DUI–DRUGS offense is constitutionally petty.

The Hawai'i Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the district wherein the crime shall have been committed[.]" Haw. Const. Art. I, § 14. Although this court has recognized the importance of the right to a jury trial, it is not an absolute right. *Nakata*, 76 Hawai'i at 367, 878 P.2d at 706 (citing *State v. Wilson*, 75 Haw. 68, 73, 856 P.2d 1240, 1243 (1993)). Specifically, we have held that a defendant charged with a petty crime does not have a constitutional right to a trial by a jury. *Id.* The relevant issue, therefore, is whether a first-time DUI–DRUGS offense is a petty or a serious crime under the Hawai'i Constitution.

In making a determination whether an offense is petty or serious, we have consistently employed the following analysis:

We analyze three factors to determine whether an offense is constitutionally petty or serious: (1) treatment of the offense at common law; (2) the gravity of the offense; and (3) authorized penalty.

Under the first factor, we consider the "traditional treatment" of the offense and whether the offense was indictable at common law, triable at common law by a jury, or tried summarily without a jury.

Under the second factor, we consider whether an offense affects the public at large, reflects moral delinquency, or carries a sufficient disgrace to require labeling the offense as constitutionally serious. In applying the second factor, the legislature's perception of an offense, as reflected by its statements in legislative history, often provides a strong indication of society's view of the gravity of an offense.

Finally, the third factor focuses on the authorized penalty for the offense. We consider not only the maximum possible prison term, but also the possible additional statutory "mix of penalties" that may attach to the offense.

*State v. Lindsey*, 77 Hawai'i 162, 163, 883 P.2d 83, 84 (1994) (quoting *Nakata*, 76 Hawai'i at 367, 878 P.2d at 706). An offense is not automatically deemed serious upon satisfaction of any one of the factors. *State v. Ford*, 84 Hawai'i 65, 70, 929 P.2d 78, 83 (1996). Rather, "we must apply all three factors ... in determining whether an offense is petty or serious." *Lindsey*, 77 Hawai'i at 163, 883 P.2d at 84 (quoting *Nakata*, 76 Hawai'i at 371, 878 P.2d at 710).

Primary emphasis, however, must be placed on the maximum authorized period of incarceration. Penalties such as probation or a fine may engender "a significant infringement of personal freedom," but they cannot approximate in severity the loss of liberty that a prison term entails. Indeed, because incarceration is an "intrinsically different" form of punishment, it is the most powerful indication of whether an offense is "serious."

*Nakata*, 76 Hawai'i at 368, 878 P.2d at 707 (quoting *Blanton*, 489 U.S. at 542, 109 S.Ct. 1289).

Moreover, in *Lindsey*, this court adopted the rule that "if the maximum authorized term of imprisonment for a particular offense does not exceed thirty days, it is presumptively a petty offense to which the right to a jury trial does not attach." 77 Hawai'i at 165, 883 P.2d at 86. Where the maximum term of imprisonment is not more than thirty days, the presumption can be

overcome only in the most extraordinary cases. *Id.* Such a case arises when consideration of the other relevant *Nakata* factors—the treatment of the offense at common law, the gravity of the offense, and, under the authorized penalty factor, the possible statutory "mix of penalties" other than imprisonment—"unequivocally demonstrate[ ] that society demands that persons charged with the offense at issue be afforded the right to a jury trial." *Id.*

■ As discussed below, the maximum authorized term of incarceration authorized under HRS § 291-7 for a first-time DUI-DRUGS offense does not exceed thirty days. Accordingly, we proceed with our analysis under the presumption that a constitutional right to a jury trial does not attach to a first-time DUI-DRUGS offense.

### 1. *Treatment of the offense at common law*

■ The first relevant factor we must consider is the traditional treatment of a DUI-DRUGS offense and whether the offense was indictable at common law, triable at common law by a jury, or tried summarily without a jury. *Nakata,* 76 Hawai'i at 367, 878 P.2d at 706. We noted in *Nakata* that the first factor is inapplicable in analyzing first-offense DUI-ALCOHOL and that to the extent that our earlier decision in *State v. O'Brien,* 68 Haw. 38, 704 P.2d 883 (1985), relied on an analogy to common law reckless driving, that analogy was no longer controlling. *Nakata,* 76 Hawai'i at 374 n. 20, 878 P.2d at 713 n. 20 (first factor inapplicable to petty/serious inquiry where statutory DUI-ALCOHOL not shown to have a correlative precursor at common law); *Wilson,* 75 Haw. at 74, 856 P.2d at 1244 (first factor irrelevant because DUI-license suspension offense not indictable at common law). This court's determination that no offense approximating DUI-ALCOHOL existed at common law warrants the conclusion that there was no comparable offense at common law for a first-time DUI-DRUGS offense. Therefore, we cannot rely on the first factor to determine whether HRS § 291-7 is constitutionally serious.

### 2. *Gravity of the offense*

■ Under the second factor, "we consider whether an offense affects the public at large, reflects moral delinquency, or carries a sufficient disgrace to require labeling the offense as constitutionally serious." *Lindsey,* 77 Hawai'i at 163, 883 P.2d at 84. We examine the legislative history of HRS § 291-7 because "the legislature's perceptions of an offense, as reflected by its statements in legislative history, often provides a strong indication of society's view of the gravity of an offense." *Id.* (citing *Nakata,* 76 Hawai'i at 367, 878 P.2d at 706). In 1990, the legislature amended the sentencing provisions for DUI-ALCOHOL offenders with the intention of clarifying "the length of jail terms that may be imposed." Sen. Conf. Comm. Rep. No. 137, 1990 Senate Journal, at 826. The 1990 sentencing amendments to HRS § 291-4 reduced the maximum prison sentence for first and second DUI-ALCOHOL convictions from 180 days to 30 and 60 days, respectively. 1990 Haw. Sess. L. Act 188, at 410-11. The 1990 amendments became effective on August 1, 1991. Because the legislature has established that penalties under DUI-DRUGS are to be "commensurate" with penalties under DUI-ALCOHOL, Hse. Stand. Comm. Rep. No. 764-86, in 1986 House Journal, at 1371; Sen. Conf. Comm. Rep. No. 54-86, in 1986 Senate Journal, at 751, and the legislature in 1990 set the maximum prison sentence for a first-time DUI-ALCOHOL offense at 30 days, the maximum prison sentence for a first-time DUI-DRUGS is presumably also set at 30 days.

In *State v. Jordan,* 72 Haw. 597, 825 P.2d 1065 (1992), *overruled by Nakata,* 76 Hawai'i at 371, 878 P.2d at 710, we examined the 1990 amendments and were "unwilling to find that the amendments signified a downgrading of the seriousness of the crime such that an offender would not be entitled to a jury trial." *Wilson,* 75 Haw. at 77, 856 P.2d at 1245 (citing *Jordan,* 72 Haw. at 601, 825 P.2d at 1068). Despite the reduced maximum incarceration period, we continued to regard DUI-ALCOHOL a serious crime to which the right to a jury trial attached. *Jordan,* 72 Haw. at 601, 825 P.2d at 1068. In response to our opinion in *Jordan,* the legislature pro-

mulgated Act 128 in 1993, deeming "our view of its perception of the seriousness of first time DUI–ALCOHOL offenses to be in error." *Wilson,* 75 Haw. at 77, 856 P.2d at 1245. In passing Act 128, the legislature stated:

It is the intent of the legislature that individuals charged with the offense of driving under the influence of intoxicating liquor as a first time offender shall not be entitled to a jury trial.

The purpose of this Act is to reduce the penalties for first time offenders so that there can be no question that, as to first time offenders, the offense is a "petty offense" in the constitutional sense, to which no right to jury trial attaches. The legislature finds that those offenders who are convicted repeatedly of driving under the influence of intoxicating liquor represent a serious social problem.... First time offenders, however, represent less of a threat to society, as most will respond to corrective action.

. . . .

It is the intent of the legislature that the reduced penalties provided for in the Act apply to all pending first offense cases. The legislature further intends that by making the reduced penalties provided for in this Act retroactive to pending cases, it be made clear that such first offenders are not entitled to a jury trial, as the offense is a "petty offense" in the constitutional sense.

1993 Haw. Sess. L. Act 128, § 1 at 179–80.

Thus, because the legislature, as described above, has stated that DUI–DRUGS are to be treated similarly to DUI–ALCOHOL, it follows that the legislature intended that individuals charged with a first-time DUI–DRUGS offense are not entitled to a jury trial.

■ Indeed, Act 189, though passed in 2000 and after Sullivan was sentenced, confirms this view. As "we have often held[,] 'subsequent legislative history or amendments' may be examined in order to confirm our interpretation of statutory provisions." *Bowers v. Alamo Rent–A–Car, Inc.,* 88 Hawai'i 274, 282, 965 P.2d 1274, 1282 (1998)

(Ramil, J., concurring) (quotations omitted). In passing Act 189, which applies to the maximum incarceration period for DUI–DRUGS offenders, the legislature stated:

The purpose of this part is to reduce the maximum jail time that may be imposed upon drug impaired offenders. The effect of such a reduction will be to make the application of the right to a jury trial for driving under the influence of drugs consistent with that for operating a vehicle under the influence of intoxicating liquor. The legislature further intends that, by making these reduced penalties retroactive to pending during under the influence of drugs cases, it be made clear that these offenders are not entitled to a jury trial, as the offense is a "petty offense" in the constitutional sense.

2000 Haw. Sess. L. Act 189, § 1 at 389. As amended, HRS § 291–7 added a maximum authorized term of incarceration period of five days for a first-time DUI–DRUGS offense. The purpose of the added five-day maximum imprisonment period was to make clear that a first-time DUI–DRUGS offense is considered petty. Accordingly, Act 189 confirms the legislature's intent that individuals charged with a first-time DUI–DRUGS offense are not entitled to a jury trial.

### 3. *Authorized penalty for the offense.*

■ Under the third and final *Nakata* factor, we examine the "authorized penalty for the offense." *Nakata,* 76 Hawai'i at 367, 878 P.2d at 706. As noted earlier, the maximum authorized term of incarceration under HRS § 291–7 for a first DUI–DRUGS offense does not exceed the thirty-day threshold as set forth by this court in *Lindsey.* Therefore, we consider the "possible additional statutory 'mix of penalties' that may attach to the offense." *Id.* Pursuant to HRS § 291–7(b)(1), the following mix of penalties for a "first offense or any offense not preceded within a five-year period by a conviction under this section," includes:

(A) A fourteen-hour minimum drug abuse rehabilitation program, including education and counseling, or other comparable programs deemed appropriate by the court; and

(B) Ninety-day prompt suspension of license, with absolute prohibition from operating a motor vehicle during suspension of license, or the court may impose, in lieu of the ninety-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a motor vehicle and, for the remainder of the ninety-day period, a restriction on the license that allows the person to drive for limited work-related purposes and to participate in drug treatment programs; and

(C) Any one or more of the following:

(i) Seventy-two hours of community service work;

(ii) Not less than forty-eight hours and not more than five days of imprisonment; or

(iii) A fine of not less than $150 but not more than $1,000.

In *O'Brien* and *Nakata*, we addressed a similar mix of penalties. In *O'Brien*, we held that a violation of a DUI-license suspension, where a violator was subject to a license suspension of a year, a fine of up to $1,000.00, and imprisonment of up to sixty days, constituted a petty offense. 68 Haw. at 44, 704 P.2d at 887. In *Nakata*, we also deemed a first-time DUI–ALCOHOL offense to be petty, where an offender faced a ninety-day license suspension, a fine of up to $1,000.00, compulsory rehabilitation and community service, and reimbursement for the cost of implementing the penalties. 76 Hawai'i at 380, 878 P.2d at 719.

In light of these holdings and our strongly-held view that "[p]enalties such as probation or a fine may engender 'a significant infringement of personal freedom,' but they cannot approximate in severity the loss of liberty that a prison term entails," *Nakata*, 76 Hawai'i at 368, 878 P.2d at 707 (quoting *Blanton*, 489 U.S. at 542, 109 S.Ct. 1289), we do not believe that a first-time DUI–DRUGS offense is an "extraordinary case" where consideration of the mix of penalties "unequivocally demonstrates that society demands that persons charged with the offense at issue be afforded the right to a jury trial." *Lindsey*, 77 Hawai'i at 165, 883 P.2d at 86.

Based on the foregoing discussion, we hold that a first-time DUI–DRUGS offense under HRS § 291-7 is not a constitutionally "serious" offense and that Sullivan was not entitled to a jury trial.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the first circuit court.