129 P.3d 1167

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Eric EMERSON, Defendant–Appellant.**

**No. 26097.**

Intermediate Court of Appeals of Hawai'i.

Feb. 6, 2006.

As Corrected Feb. 10, 2006.

T. Anthony Gill and Wade C. Zukeran (Gill & Zukeran), Honolulu, on the briefs, for Defendant–Appellant.

Daniel H. Shimizu, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

LIM, Acting C.J., FOLEY and NAKAMURA, JJ.

Opinion of the Court by LIM, J.

Eric Emerson (Emerson) appeals the November 6, 2003 judgment of the District Court of the First Circuit (district court)[1] that convicted him of refusing to provide

---

1. The Honorable Lono J. Lee presided.

ingress or egress [2] while walking a labor picket line at the Hilton Hawaiian Village on July 17, 2002. The district court entered its judgment upon Emerson's plea of guilty, which he conditioned [3] on appellate review of the October 25, 2002 order of the Circuit Court of the First Circuit (circuit court) [4] that granted the State's motion to remand the case to the district court for trial on the merits, and thus denied his demand for trial by jury.

2. Hawaii Revised Statutes (HRS) § 852–1(a)(Supp.2004) provides:

> Whenever ingress to or egress from any public or private place is obstructed by any person or persons in such manner as not to leave a free passageway for persons and vehicles lawfully seeking to enter or leave such place, any law enforcement officer shall direct such person or persons to move so as to provide and maintain a free and unobstructed passageway for persons and vehicles lawfully going into or out of such place. It shall be unlawful for any person to refuse or wilfully fail to move as directed by such officer.

HRS § 852–2 (1993) provides:

> Any person who refuses or wilfully fails to move as directed by such officer shall be fined not more than $200 or imprisoned not more than six months, or both.

3. Hawai'i Rules of Penal Procedure Rule 11(a)(2) (2003) provides:

> With the approval of the court and the consent of the State, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

4. The Honorable Dan T. Kochi presided.

5. *See State v. Nakata*, 76 Hawai'i 360, 878 P.2d 699 (1994), in which the Hawai'i Supreme Court summarized the analytical framework for deciding under the United States Constitution whether the right to a jury trial attaches to a particular offense:

> In *United States v. Nachtigal*, [507] U.S. [1], [4], 113 S.Ct. 1072, 1073, 122 L.Ed.2d 374 (1993), the Court reiterated that "offenses for which the maximum period of incarceration is six months or less are presumptively 'petty'." *Id.* (citing *Blanton[ v. City of North Las Vegas]*, 489 U.S. [538,] 543, 109 S.Ct. [1289,] 1293[, 103 L.Ed.2d 550 (1989)]). "A defendant can overcome this presumption, and become entitled to a jury trial, only by showing that the additional mix of penalties, viewed together with the maximum prison term, are so severe

We affirm, because the Hawaii Penal Code (the Code) overrode the non-Code statute defining the obstruction offense and imposed a thirty-day rather than a six-month maximum jail term. Hence, Emerson was not entitled to a jury trial.

## I. Discussion.

■ On appeal, the parties advance constitutional [5] and statutory [6] arguments for or against a jury trial right based upon the

> that the legislature clearly determined that the offense is a 'serious' one." *Id.*

*Nakata*, 76 Hawai'i at 366, 878 P.2d at 705. The *Nakata* court also explained the cognate but more expansive right to a jury trial under the Hawai'i Constitution:

> We analyze three factors to determine whether an offense is constitutionally petty or serious: "(1) treatment of the offense at common law; (2) the gravity of the offense; and (3) the authorized penalty." *[State v. ]Wilson*, 75 Haw. [68,] 74, 856 P.2d [1240,] 1244 [ (1993) ] (citing *[State v. ]O'Brien*, 68 Haw. [38,] 41–43, 704 P.2d [883,] 885–87 [ (1985) ]).

> Under the first factor, we consider the "traditional treatment" of the offense and "whether the offense was indictable at common law, triable at common law by a jury, or tried summarily without a jury." *Id.*

> Under the second factor, we consider whether an offense "affects the public at large, reflects moral delinquency, or carries a sufficient disgrace to require labelling the offense as constitutionally serious." *Id.* In applying the second factor, the legislature's perception of an offense, as reflected by its statements in legislative history, often provides a strong indication of society's view of the gravity of an offense. *Id.* at 75, 856 P.2d at 1245.

> Finally, the third factor "focuses on the authorized penalty for the offense." *Id.* at 76, 856 P.2d at 1245. We consider not only the maximum possible prison term, but also the possible additional statutory "mix of penalties" that may attach to the offense. *Id.*

*Nakata*, 76 Hawai'i at 367, 878 P.2d at 706 (original brackets omitted). *See also State v. Lindsey*, 77 Hawai'i 162, 165, 883 P.2d 83, 86 (1994):

> Therefore, we now adopt a rule that if the maximum authorized term of imprisonment for a particular offense does not exceed thirty days, it is presumptively a petty offense to which the right to a jury trial does not attach. The presumption can be overcome only in extraordinary cases when consideration of the other *Nakata* factors, i.e., any possible additional statutory "mix of penalties," the treatment of the offense at common law, and the gravity of the offense, unequivocally demonstrates that society demands that persons

punishment prescribed in Hawaii Revised Statutes (HRS) § 852–2 (1993)—"shall be fined not more than $200 or imprisoned not more than six months, or both." That was not, however, the punishment provided by law.

At the time of the alleged offense, HRS § 701–107 (1993) read:

(1) An offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized constitutes a crime. Crimes are of three grades: felonies, misdemeanors, and petty misdemeanors. Felonies include murder in the first and second degrees, attempted murder in the first and second degrees, and the following three classes: class A, class B, and class C.

(2) A crime is a felony if it is so designated in this Code or if persons convicted thereof may be sentenced to imprisonment for a term which is in excess of one year.

(3) A crime is a misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined in a statute other than this Code which provides for a term of imprisonment the maximum of which is one year.

(4) A crime is a petty misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined by a statute other than this Code which provides that persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is less than one year.

(5) An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime. A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

(6) Any offense declared by law to constitute a crime, without specification of the grade thereof or of the sentence authorized upon conviction, is a misdemeanor.

(7) An offense defined by any statute of this State other than this Code shall be classified as provided in this section and the sentence that may be imposed upon conviction thereof shall hereafter be governed by this Code.

Promulgated in 1972, the Code comprises HRS title 37, HRS § 701–100 (1993) ("Title 37 shall be known as the Hawaii Penal Code"), which, in turn, comprised at all relevant times HRS ch. 701 through HRS ch. 712A (1993 & Supp.2002, 2004).

Accordingly, refusal to provide ingress or egress, under HRS ch. 852 (1993 & Supp. 2004), was a petty misdemeanor because "defined by a statute other than this Code which provides that persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is less than one year." HRS § 701–107(4) (1993). Not only was its classification thus extrinsically controlled by the Code but its punishment, as well: "An offense defined by any statute of this State other than this Code shall be classified as provided in this section and the sentence that may be imposed upon conviction thereof shall hereafter be governed by this Code." HRS § 701–107(7).

The Code limits jail time for a petty misdemeanor to a maximum of thirty days:

After consideration of the factors set forth in sections 706–606 and 706–621, the court may sentence a person who has been

charged with the offense at issue be afforded the right to a jury trial.
(Footnote omitted.)

**6.** *See* HRS § 806–60 (1993):

Any defendant charged with a serious crime shall have the right to trial by a jury of twelve members. "Serious crime" means any crime for which the defendant may be imprisoned for six months or more.
*See also State v. Friedman,* 93 Hawai'i 63, 68, 996 P.2d 268, 273 (2000) ("the statutory right to a twelve-person jury trial arises whenever a defendant may be subjected to imprisonment for six months or more" (citing HRS § 806–60 (1993))).

convicted of a misdemeanor or a petty misdemeanor to imprisonment for a definite term to be fixed by the court and not to exceed one year in the case of a misdemeanor or thirty days in the case of a petty misdemeanor.

HRS § 706–663 (1993). Ergo, at the time of the alleged offense, the maximum punishment provided by law for refusal to provide ingress or egress under HRS ch. 852 was thirty days in jail or a $200 fine,[7] or both. HRS §§ 701–107(4) (1993); 701–107(7); 706–663.[8]

We are encouraged in this conclusion by the Code commentary on HRS § 701–107, presented here in pertinent part:

This section makes it clear that the Code retains the ancient distinction between felonies and misdemeanors, which is important for many procedural purposes. Its main thrust, however, is to govern the classification of offenses defined outside the Code. Subsection (7) declares that all offenses are hereafter to be classified according to this section and punished in accordance with this Code. The purpose is to rationalize the often anomalous classification and punishment of offenses that appear in many parts of the statutory laws.

Hereafter an offense is a felony if it is so designated or if imprisonment for a term in excess of one year is possible. A crime is a misdemeanor if it is so designated in the Code or in a statute enacted after the Code or if it is defined in another statute which sets the maximum term of imprisonment at exactly one year. Other crimes are petty misdemeanors. This will have

the effect of reducing the possible sentence for crimes defined in other statutes which provide now for imprisonment for periods ranging from 31 days to just under one year, because the maximum permissible period of imprisonment for a petty misdemeanor is 30 days. The alternative of making such offenses misdemeanors was rejected, because such a classification would in many cases have the undesirable effect of increasing the permissible punishment to one year, the Code's maximum for misdemeanors. However, subsection (6) makes it clear that where no specification of grade or punishment is made, but the offense is declared to be a crime, classification will be as a misdemeanor for purposes of sentencing under this Code.

Commentary on § 701–107.

The prefatory provision that adumbrates the preemptive scope of the Code, HRS § 701–102 (1993), is also instructive:

(1) No behavior constitutes an offense unless it is a crime or violation under this Code or another statute of this State.

(2) The provisions of this Code govern the construction of and punishment for any offense set forth herein committed after the effective date, as well as the construction and application of any defense to a prosecution for such an offense.

(3) The provisions of chapters 701 through 706 of the Code are applicable to offenses defined by other statutes, unless the Code otherwise provides.

As is the Code commentary on HRS § 701–102, for its exposition of the relevant *raison d'être* of the Code:

7. HRS § 706–640(1) (Supp.2004) provides:

(1) A person who has been convicted of an offense may be sentenced to pay a fine not exceeding:

(a) $50,000, when the conviction is of a class A felony, murder in the first or second degree, or attempted murder in the first or second degree;

(b) $25,000, when the conviction is of a class B felony;

(c) $10,000, when the conviction is of a class C felony;

(d) $2,000, when the conviction is of a misdemeanor;

(e) $1,000, when the conviction is of a petty misdemeanor or a violation;

(f) Any higher amount equal to double the pecuniary gain derived from the offense by the defendant;

(g) Any higher or lower amount specifically authorized by statute.

8. *But see, e.g., Lindsey,* 77 Hawai'i at 165 n. 5, 883 P.2d at 86 n. 5 ("if the maximum authorized term of imprisonment for an offense is more than thirty days but not more than 180 days, no presumption applies"); *State v. Mitchell,* 94 Hawai'i 388, 394, 15 P.3d 314, 320 (App.2000) (deciding, with the State's concession, that Mitchell had a statutory and constitutional right to a jury trial on an HRS § 291–12 (1993) charge of inattention to driving that carried a maximum jail term of six months).

There are no common-law offenses in Hawaii, although Hawaii has to some extent adopted the common law of England.

The common law of England, as ascertained by English and American decisions, is declared to be the common law of the State of Hawaii in all cases, except as otherwise expressly provided by the Constitution or laws of the United States, or by the laws of the State, or fixed by Hawaiian judicial precedent, or established by Hawaiian usage; *provided, that no person shall be subject to criminal proceedings except as provided by the written laws of the United States or of the State.* [HRS § 1–1 (1993) (emphasis supplied).]

In *Territory v. Rogers*, [37 Haw. 566 (1947),] the court noted in passing that there are no common-law offenses in Hawaii.

Despite these clear rules, it appears wise to enact specifically that no behavior is penal unless it is made so by this Code or by another statute. That all offenses should be adequately proscribed by statute seems at this point of legal development a dictate of fundamental fairness.

Subsection (2) makes it clear that on the effective date this Code shall become the penal law of this State, and thereafter shall govern both the definitions (construction) and punishment of all offenses defined in the Code, and the defenses to those offenses.

Subsection (3) holds that all of the general provisions (Chapters 701 to 706) of the Code are applicable to all offenses defined by other statutes. The purpose is to bring uniformity to the area of non-Code statutory offenses. One result of this rule will be to make defenses defined by the Code generally available. The Code's definitions of state of mind requirements will also be applicable, as will the general principles of construction, time limitations, and res judicata provisions.

Commentary on § 701–102 (footnotes omitted, but content bracketed).[9]

that "[a] crime is a petty misdemeanor ... if it is defined by a statute other than this Code which provides that persons convicted thereof may be sentenced to imprisonment for a term of *which the maximum is less than one year."* (Emphasis added.) In contrast, HRS § 701–663 (1993), provides in relevant part that "the court may sentence a person who has been convicted of a ... petty misdemeanor to imprisonment for a definite term to be fixed by the court and *not to exceed ... thirty days* in the case of a petty misdemeanor." (Emphasis added.) This bill proposes that HRS § 701–107(4) be amended, consistent with HRS § 701–663, to define "petty misdemeanor" as a crime for which the maximum prison term may not exceed thirty days.

The proposed amendment would be consistent with other statutory provisions that set forth specific prison terms for offenses expressly classified as "petty misdemeanors." *See, e.g.,* HRS §§ 109–7 (Supp.2003) (rule of the stadium authority regulating conduct on the stadium or Kapolei recreational sports complex premises); 183D–5 (Supp.2003) (wildlife offenses); 264–102 (Supp.2003) (highway vending); 712–1200 (1993 & Supp.2003) (prostitution); 712–1207 (Supp.2003) (street solicitation of prostitution) [ (all providing for a maximum thirty days in jail) ].

The proposed amendment would also provide guidance as to whether the right to a jury trial under the Hawai'i Constitution is implicated when a defendant is charged with a petty

---

**9.** Effective April 20, 2005, HRS § 701–107(4) (1993) was amended to read:

A crime is a petty misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined by a statute other than this Code that provides that persons convicted thereof may be sentenced to imprisonment for a term not to exceed thirty days.

2005 Haw. Sess. L. Act 18, §§ 1 & 3 at 20. The enacting legislature stated:

The purpose of this bill is to eliminate the current statutory inconsistency between a statute defining a "petty misdemeanor" and statute setting forth the maximum term of imprisonment that may be imposed for a "petty misdemeanor."

The Judiciary and Community Alliance on Prisons testified in support of this measure.

Your Committee finds that these modifications will clarify an internal inconsistency in the Hawaii Penal Code, that will help avoid any confusion that may arise from the current statutory inconsistency.

Hse. Stand. Comm. Rep. No. 132, in 2005 House Journal, at 1096. The Judiciary testimony referred to read as follows:

The Judiciary strongly supports this bill, which is part of the Judiciary's 2005 legislative package. This bill would eliminate the inconsistency between two Hawaii Penal code provisions that relate to what constitutes a "petty misdemeanor".

Currently, Hawaii Revised Statutes (HRS) § 701–107(4) (1993) provides, in relevant part,

As a result, Emerson was not entitled to a jury trial on the charge of refusal to provide ingress or egress under HRS ch. 852. The constitutional right to a jury trial does not accompany a crime carrying a maximum punishment of thirty days in jail and a $200 fine. Such a crime is presumptively petty, and a jury trial right does not attach:

> Therefore, we now adopt a rule that if the maximum authorized term of imprisonment for a particular offense does not exceed thirty days, it is presumptively a petty offense to which the right to a jury trial does not attach. The presumption can be overcome only in extraordinary cases when consideration of the other *Nakata* factors, i.e., any possible additional statutory "mix of penalties," the treatment of the offense at common law, and the gravity of the offense, unequivocally demonstrates that society demands that persons charged with the offense at issue be afforded the right to a jury trial.

*State v. Lindsey,* 77 Hawai'i 162, 165, 883 P.2d 83, 86 (1994) (footnote omitted).

■ Further, the tripartite *Nakata* analysis, *State v. Nakata,* 76 Hawai'i 360, 366–67, 878 P.2d 699, 705–06 (1994), readily reveals that this is not the "extraordinary case[ ]" in which the presumption is overcome. *Lindsey,* 77 Hawai'i at 165, 883 P.2d at 86.

First, there was no such offense at common law, as far as we can tell. *See State v. Basabe,* 105 Hawai'i 342, 348, 97 P.3d 418, 424 (App.2004) ("first factor inapplicable to petty/serious inquiry where statutory DUI

not shown to have a correlative precursor at common law" (citation and block quote format omitted)).

And although the enacting legislature expressed some concern about "public disorders and breaches of the peace" resulting from obstructions of ingress or egress, Sen. Comm. of the Whole Rep. No. 10, in 1949 Senate Journal, Special Session, at 101, these were secondary effects having little resonance in the *Nakata* analysis. *See State v. Ford,* 84 Hawai'i 65, 71, 929 P.2d 78, 84 (1996) ("the legislature's concern [was] over the serious threat to public health and safety posed by unlawful sewage disposal—not unlawful mooring"); *Lindsey,* 77 Hawai'i at 167, 883 P.2d at 88 ("the legislature was concerned primarily not with prostitution itself but with the secondary effects of prostitution" (citation omitted)). We do not, in any event, here discern on the face of it an offense of salient gravity in the galaxy of crimes encompassed by the Code.

As for the additional penalty of a $200 fine, we consider that amount comparatively jejune. *Cf. Ford,* 84 Hawai'i at 73, 929 P.2d at 86 ("maximum penalty of $10,000 . . ., particularly when considering that the statute authorizes no term of imprisonment, does not tend to move a violation . . . from the realm of a petty into that of a serious offense" (footnote omitted)); *Lindsey,* 77 Hawai'i at 166, 883 P.2d at 87 (in considering the penalty for prostitution, which includes a maximum thirty days in jail, "$500 fine is insufficient in and of itself to trigger the right to a jury trial" (citation omitted)); *Basabe,* 105

misdemeanor. According to the Hawai'i Supreme court, "if the authorized term of imprisonment for a particular offense does not exceed thirty days, it is presumptively a petty offense to which the right to jury trial does not attach." *State v. Lindsey,* 77 Hawai'i 162, 165, 883 P.2d 83, 86 (1994). By amending HRS § 701–107(4) to define a petty misdemeanor as a crime for which the maximum imprisonment sentence does not exceed thirty days, a presumption would arise that no right to jury trial attaches for petty misdemeanors.

Because this bill will clarify an internal inconsistency in the Hawaii Penal Code, confirm that petty misdemeanors are not subject to jury trial, and avoid the confusion which may arise from the current statutory inconsistency, the Judiciary respectfully urges you to pass this important measure.

Aside from the misapprehension of the import and purpose of HRS § 701–107(4) (1993) (*see* text discussion, *supra* ) that appa⸻ntly actuated Act 18, query whether Act 18 ⸻nsformed a provision integral to the overall c⸻ncy of the Code to one now inconsistent wı⸻ —indeed, repugnant to—the unifying intent of the Code, by creating a class of offenses—those defined by statutes outside the Code to carry maximum jail terms ranging from 31 to 364 days, including the one at issue here—which is now not classified by the Code and whose punishment is now not controlled by the Code, all in derogation of HRS § 701–107 (1993) and its Commentary. *See also* HRS § 701–102(3) (1993); Commentary on § 701–102.

Hawaiʻi at 350, 97 P.3d at 426 (thirty days in jail and a fine of $18,000 does not entail a jury trial).

All in all and in sum, we cannot conclude the *Nakata* analysis "unequivocally demonstrates that society demands that persons charged with the offense at issue be afforded the right to a jury trial." *Lindsey,* 77 Hawaiʻi at 165, 883 P.2d at 86.

## II. Conclusion.

The circuit court's October 25, 2002 order granting the State's motion to remand the case to the district court for trial on the merits was correct. *Basabe,* 105 Hawaiʻi at 345, 97 P.3d at 421 ("whether there is a constitutional right to a jury trial .... is a question of constitutional law .... *de novo* under the 'right/wrong' standard" (citation and some internal quotation marks omitted)). Accordingly, the November 6, 2003 judgment of the district court is affirmed.

