**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000550
23-FEB-2022
07:44 AM
Dkt. 114 SO**

NO. CAAP-17-0000550

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LISA JOY T. CABICO, Claimant-Appellant,
v.
LIBERTY DIALYSIS - HAWAII, LLC, Employer-Appellee,
and
LIBERTY MUTUAL INSURANCE COMPANY,
Insurance Carrier-Appellee,
and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-023)
(DCD NO. 2-11-00612)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Claimant-Appellant/Appellant Lisa Cabico (**Cabico**), self-represented, appeals from the June 19, 2017 "Order Adopting Proposed Decision and Order" (**Order**) by the Labor and Industrial Relations Appeals Board (**Board**), which affirmed in part and modified in part the amended supplemental decision by the Director of the Department of Labor and Industrial Relations (**Director**) regarding Cabico's claims for workers' compensation benefits against Employer-Appellee/Appellee Liberty Dialysis-Hawaii (**Liberty Dialysis**), Insurance-Carrier/Appellee/Appellee

Liberty Mutual Insurance Company (**Insurer**), and Appellee/Appellee Special Compensation Fund (**SCF**).[1]

In its January 16, 2015 amended supplemental decision, the Director determined that due to a work injury, Cabico was entitled to, *inter alia*: additional temporary total disability (**TTD**) benefits from Liberty Dialysis from May 1, 2013, through November 14, 2014; additional TTD benefits from SCF from May 25, 2013, through June 12, 2013, and September 26, 2013, through November 12, 2013; and temporary partial disability (**TPD**) benefits from Liberty Dialysis from September 19, 2010, through April 30, 2013.  Cabico appealed to the Board and the sole issue before the Board was whether she was entitled to TTD or TPD benefits from September 16, 2010, through March 30, 2013.  In its Order, the Board affirmed in part the Director's finding that Cabico was entitled to TPD benefits from September 19, 2010, through March 30, 2013, and modified in part the Director's calculation of benefits payable by Liberty Dialysis and SCF.

On appeal,[2] we discern that Cabico contends the Board erred in: (1) determining she was entitled to TPD as opposed to TTD; (2) finding she returned to work with "modified" instead of "light" duties; (3) allowing Liberty Dialysis to continue submitting documents beyond the discovery cutoff date; (4) adopting the calculation of Cabico's TPD benefits in the proposed decision and order; and (5) deciding on matters that were already binding on the parties.[3]

---

[1]  Members Melanie S. Matsui and Marie C. Laderta adopted *in toto* the proposed decision and order by the Hearings Officer for the Board, with a concurring opinion by Chair D.J. Vasconcellos.

[2]  We address issues raised by Cabico to the extent we can discern them from her opening brief and she provides cogent argument.  We note her opening brief does not comply with Rule 28 of the Hawaiʻi Rules of Appellate Procedure (**HRAP**) in multiple ways, including that she does not specify where in the record she objected to the Board's purported errors or brought it to the Board's attention.  HRAP Rule 28(b)(4).  However, given that Cabico is self-represented, we endeavor to address the merits of her appeal to the extent possible.  Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001).

[3]  Cabico also appears to generally assert that the Board violated her procedural due process rights, erred in considering the Director's January 16,
(continued...)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant legal authority, we resolve Cabico's points of error as follows and affirm.

A direct appeal from a Board decision is reviewed according to Hawaiʻi Revised Statutes (**HRS**) § 91-14(g), which provides in relevant part:

> (g)   Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)   In violation of constitutional or statutory provisions;
>
> (2)   In excess of the statutory authority or jurisdiction of the agency;
>
> (3)   Made upon unlawful procedure;
>
> (4)   Affected by other error of law;
>
> (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)   Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g) (2012 and Supp. 2019).

> Appeals taken from findings of fact set forth in decisions of the Board are reviewed under the clearly erroneous standard. Thus, this court considers whether such a finding is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. The clearly erroneous standard requires this court to sustain the Board's findings unless the court is left with a firm and definite conviction that a mistake has been made.

---

[3](...continued)
2015 amended supplemental decision and not the January 2, 2015 decision which Cabico appealed to the Board, and erred in finding she worked an "average" of five hour shifts although the concurring opinion by Chair Vasconcellos and the First Amended Affidavit of Mary Ann Whaley states that Cabico worked "approximately" five hours a day or twenty-five hours weekly.  However, Cabico fails to provide any cogent argument on these assertions and thus these points are deemed waived.  See Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) ("Where an appellant raises a point of error but fails to present any accompanying argument, the point is deemed waived.").

> A conclusion of law is not binding on an appellate court and is freely reviewable for its correctness. Thus, this court reviews conclusions of law *de novo*, under the right/wrong standard.

Bumanglag v. Oahu Sugar Co., 78 Hawaiʻi 275, 281, 892 P.2d 468, 474 (1995) (brackets and ellipsis omitted) (quoting Tate v. GTE Hawaiian Tel. Co., 77 Hawaiʻi 100, 102-03, 881 P.2d 1246, 1248-49 (1994)).

**(1)**   We understand the gist of Cabico's argument is that the Board erred in determining she was entitled to TPD under HRS § 386-32(b), as opposed to TTD under HRS § 386-31(b).  This argument is without merit.

HRS § 386-31(b) (2015) provides, in pertinent part:

> (b)   Temporary total disability. Where a work injury causes total disability not determined to be permanent in character, the employer, for the duration of the disability, but not including the first three calendar days thereof, shall pay the injured employee a weekly benefit at the rate of sixty-six and two-thirds per cent of the employee's average weekly wages . . . .
>
> If an employee is unable to complete a regular daily work shift due to a work injury, the employee shall be deemed totally disabled for work for that day.

(Emphasis added.)   Cabico apparently argues that based on the underlined portion of HRS § 386-31(b), she should be considered TTD for the days she was unable to complete her regular daily shift of eight hours and instead could only complete five hours of her shift.  We do not read the statute in this manner.  Rather, as set forth in HRS § 386-31(b), that section addresses "total disability not determined to be permanent[.]" (Emphasis added.)

The interpretation of a statute is a question of law reviewable *de novo*.

> When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Morgan v. Planning Dept., Cty. of Kauaʻi, 104 Hawaiʻi 173, 179, 86 P.3d 982, 988 (2004) (quoting State v. Sullivan, 97 Hawaiʻi 259, 262, 36 P.3d 803, 806 (2001)).

HRS § 386-32(b) regarding TPD is more pertinent to Cabico's circumstances.  HRS § 386-32(b) (2015) provides:

> (b)    Temporary partial disability. Where a work injury causes partial disability, not determined to be permanent, which <u>diminishes the employee's capacity for work</u>, the employer, beginning with the first day of the disability and during the continuance thereof, shall pay the injured employee weekly benefits equal to sixty-six and two-thirds per cent of the difference between the employee's average weekly wages before the injury and the employee's weekly earnings thereafter, subject to the schedule for the maximum and minimum weekly benefit rates prescribed in section 386-31.

(Emphasis added.)

We conclude the Board did not err in its interpretation of the applicable statutes.

**(2)**   Cabico contends the Board erred in finding she returned to work with "modified" instead of "light" duties. Cabico also challenges the Board's Findings of Fact (**FOFs**) and portions of the unnumbered Conclusions of Law (**COLs**) in the Order which describe that Cabico returned to work with "modified" duties.[4]

Cabico argues that her pre-injury duties as a certified clinical hemodialysis technician (**CCHT**) involved "direct patient care in providing life sustaining treatment[,]" and "involved treating and monitoring 4 patients at a time and up to 8 patients when covering an employee while on lunch break."  After her work injury, Cabico's duties included "projects such as closing medical files and patient charts and other clerical duties during the periods she worked."  Cabico contends that her hours and duties as a CCHT could not be "modified" without posing a risk to patients and therefore she did not return to work at a diminished capacity required to establish TPD under HRS § 386-32(b).

Cabico's asserted distinction between "modified" work and "light" duty is not pertinent to the Board's decision and, further, she fails to challenge the Board's FOF 13 which provides, "[f]rom September 19, 2010 to March 30, 2013, Claimant performed work at a diminished capacity on a part-time basis and

---

[4]  Specifically, Cabico challenges FOFs 3, 5, 6, 8, 9, 12, and 14.

received earnings from that work."  "Findings of fact ... that are not challenged on appeal are binding on the appellate court." Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002).

This point of error is without merit.

**(3)**  Cabico contends the Board erred in allowing Liberty Dialysis to submit exhibits after the discovery deadline. Specifically, Cabico challenges the submission of the September 9, 2015 "First Amended Affidavit of Mary Ann Whaley" (**Amended Affidavit**), which provided Cabico's payroll information at Liberty Dialysis.  However, during the hearing on September 14, 2015, the hearing officer initially struck the Amended Affidavit because it was untimely.  Liberty Dialysis then requested that the parties stipulate to allow the Amended Affidavit as evidence because it is "the most explanatory in terms of what happened during the period on appeal . . . [and] it's the best record of what actually Ms. Cabico was paid[.]"  The hearing officer then gave Cabico the option to allow the Amended Affidavit into evidence as follows:

> HEARING OFFICER:  Well, let me ask you, Ms. Cabico, in terms of the [Amended Affidavit], Exhibit 1 of his exhibit list, it was not filed in a timely manner.  Mr. Fujimoto is saying it does represent the best chronology of events during the disputed time period.  Would you agree to let it in or do you think it should be stricken?
>
> MS. CABICO:  If it has anything to do with my work -- like hours worked or what I was paid, then it can be submitted, but was this whole thing - - I don't understand.
>
> HEARING OFFICER:  No, no, I'm sorry.  If you look at his -- this is his exhibit list, right.
>
> MS. CABICO:  Okay.
>
> HEARING OFFICER:  Exhibit 1, again, it would be easier if they were tabbed.
>
> MR. FUJIMOTO:  Sorry.
>
> HEARING OFFICER:  So we know what we're talking about, but Exhibit Number 1, if you turn to the second page, you see there's a 1, which is Mary Ann Waley's [sic] first amended affidavit September 9th.
>
> MS. CABICO:  Okay.

> HEARING OFFICER:  You see that? Obviously since the affidavit wasn't completed until September 9th and his deadline to get this in was August 17th, you know, it's late on its face.  So we're going to take [it] out - - <u>unless you agree that it should stay in</u> – - that affidavit.  Same with Exhibit 4 and Exhibit 7 to that affidavit.  But if you agree that it's okay to keep it in because there's - - you know, you're in agreement with it.  <u>It does have to do with the hours you worked and it does have to do with the amounts you were paid</u>, correct, Mr. Fujimoto?
>
> MR. FUJIMOTO:  Correct.
>
> HEARING OFFICER:  So it's – - but it's really your decision.  If you oppose it, then I'll strike it.  <u>If you're willing to keep it in, then we can keep it in</u>.

(Emphases added.)  Cabico waived her objection and agreed to allow the Amended Affidavit into evidence as follows:

> HEARING OFFICER:  Okay, Ms. Cabico, anyway, right now it's sort of up to you.  Mr. Fujimoto is saying the best record of the number of hours you worked, when you worked them, and how much you were paid is [the Amended Affidavit] to his exhibit list, but it was not filed timely.
>
> . . . .
>
> But it was not filed timely, so [SCF's counsel] is saying it might be difficult to decide precisely how much you're entitled to without that information, but it's purely your decision, Ms. Cabico, at this stage.  What's your position?
>
> MS. CABICO:  Well, it will prove that I wasn't able to work a regular daily work shift.
>
> HEARING OFFICER:  I think it will show the exact number of hours you worked, whether it's one our [sic] or five hours or whatever it is, it will show that.
>
> MS. CABICO:  So in general it will actually prove that I was unable to work a regular daily work shift.
>
> HEARING OFFICER:  You mean a full eight hours is what you're saying, or whatever your work shift was?
>
> MS. CABICO:  Or even for five, yeah.
>
> HEARING OFFICER:  <u>Okay. So you're willing to waive your objections</u>.
>
> MS. CABICO:  <u>I'm willing to keep it, yep</u>.
>
> HEARING OFFICER:  Okay, then we can keep it all in, then.

(Emphases added.)

Cabico thus waived her objection to the submission of the Amended Affidavit based on its untimely submission and this point of error on appeal is without merit.[5]

**(4)**  Cabico argues that the Board erred in adopting the calculation of her TPD benefits in the proposed decision and order.  Cabico appears to argue that her hourly wage of $20.60 was incorrectly reported as $20.21 and was subsequently corrected by the Amended Affidavit which affected the calculation of her TPD benefits.  Cabico also argues that Liberty Dialysis and Insurer used her accrued sick leave and vacation time without her permission while calculating Cabico's TPD benefits and thus improperly decreased her weekly compensation rate.

First, Cabico fails to provide any argument what the correct calculation of her benefits should be and fails to provide the relevant dates she asserts her hourly wage was incorrectly reported, and how this alleged error affected the calculation of her TPD benefits in the proposed decision.

Second, Cabico also does not challenge the Board's FOF 19 which provides, "Claimant did not present or take any position on the calculation of her TPD benefits for the period of September 19, 2010 to March 30, 2013."[6]  "Findings of fact . . . that are not challenged on appeal are binding on the appellate court."  Okada Trucking Co., 97 Hawai'i at 458, 40 P.3d at 81.

Thus, Cabico's point of error lacks merit.

**(5)**  Finally Cabico argues that her entitlement to TTD benefits was already decided by Hearing Officer John Shaw who

---

[5]  Cabico also argues that she did not receive the Amended Affidavit before the Board hearing on September 14, 2015.  However, it does not appear that Cabico raised this point to the hearing officer during the September 14, 2015 hearing.

[6]  As stated *supra*, the sole issue before the Board was whether Cabico was entitled to TTD or TPD benefits from September 16, 2010, through March 30, 2013.  In its unnumbered COLs the Board concluded, *inter alia*, that Cabico was entitled to TTD benefits for September 16, 2010, based on an unappealed March 29, 2011 decision by the Director, and that Cabico's entitlement to either TTD or TPD benefits for September 17, 2010, and September 18, 2010 could not be decided by the Board because the Director had not addressed Cabico's entitlement to benefits for those dates.  Cabico does not challenge the Board's determination of her benefits for September 16, 2010, to September 18, 2010.

purportedly made an oral order to the Insurer to resume payments of TTD weekly benefits during a hearing on May 29, 2013, and therefore the Board erred in deciding matters that were already binding on the parties.  The record reflects there was a hearing scheduled on May 29, 2013.  However, Cabico fails to provide a transcript of that hearing and it is well established that, when an appellant desires to raise any point on appeal that requires consideration of oral proceedings in the court or agency below, the appellant must provide the relevant transcript.  <u>Ditto v. McCurdy</u>, 103 Hawaiʻi 153, 162, 80 P.3d 974, 983 (2003).  Without a transcript of the relevant proceeding we are not able to review this issue.

Therefore, for the foregoing reasons, the June 19, 2017 "Order Adopting Proposed Decision and Order" by the Labor and Industrial Relations Appeals Board is affirmed.

DATED:  Honolulu, Hawaiʻi, February 23, 2022.

| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
|---|---|
| Lisa Cabico,<br>Self-represented<br>Claimant-Appellant | /s/ Katherine G. Leonard<br>Associate Judge |
| Leighton K. Oshima,<br>Blaine W. Fujimoto,<br>for Employer/Insurance<br>Carrier-Appellees | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Frances E. H. Lum,<br>Nelson T. Higa,<br>Deputy Attorneys General<br>Labor Division,<br>for Special Compensation Fund-<br>Appellee | |